FILED

Onofre T. Serrano
441 Bauchet Street
Los Angeles, CA. 90012
BK # 6032688

2021 SEP 16  PM 12: 29

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY ___JB___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ONOFRE T. SERRANO,                    )    Case No.: 2:21 CR 434-MWF
                                      )
(AKA Ahadi Abu-Al Muhammad),          )    NOTICE OF REMOVAL
          Petitioner/Defendant,       )    Sup. Ct. No. NA115520
                                      )
                                      )
STATE OF CALIFORNIA,                  )
          Respondent/Plaintiff.       )

1.  Onofre T. Serrano is the defendant in the criminal
action brought on Muharram 15, 1443 [corresponding to the
date of 8/23/2021], in the Superior Court of the State of
California, County of Los Angeles, South District (Long
Beach) by information. Pursuant to provisions of Section
1443 and 1446 of Title 28 of the U.S. Code, Onofre T.
Serrano removes this action to the U.S. District Court
for the Central District of California, Western Division, which
is the judicial district and division in which the action is
pending.

2.  The grounds for removal of this action are that
Petitioner is a person who is denied or cannot enforce

1  in the courts of the State of California, 42 USC &
2  2000a, which provides for equal civil rights of citizens
3  of the United States, a basis on which federal district
4  would have original jurisdiction, such as federal
5  question or diversity of citizenship jurisdiction. Removal
6  of this Action is, therefore, proper as this Court would
7  have had original subject matter jurisdiction of this
8  Action under the provisions of 28 USC & 1332 if the
9  Action had originally been brought in federal court.
10 Removal is, therefore, proper under 28 USC && 1441,
11 1443.

12      3. This Notice of Removal is timely under Section
13 1446(d) of Title 28 of the US Code because the
14 Respondent's initial pleadings, i.e., Information in this
15 Action was served on Muharram 18, 1443 [corresponding
16 to the date 8/26/2021]. This Notice of Removal is filed
17 within 30 days of receipt of the Plaintiff's Information
18 And is, therefore, timely filed under 28 USC & 1446(b)(1).

19      4. All State-court paper served on the defendant at
20 the time of removal, consisting of: 1) one (1) arrest
21 Warrant; 2) two (2) search warrants; 3) Information;
22 And, 4) Preliminary Examination transcript are attached.

23      5. All relevant response to state-court paper served
24 plaintiff At the time of removal, consisting of: 5) Motion
25 for Return of Literary (Legal) Property Per Order Writ of
26 Habeas Corpus Ad Testificandum; 6) Notice of Motion to
27 Suppress Evidence; Return Property; Quash and/or
28 Traverse the Arrest/Search Warrant(s) and Probable Cause;

2

7) Supplemental Memorandum of Points And Authorities;
8) Notice of Motion to Discover Identity of Informant;
And 9) Ex Parte Application for funds for Expert Witness
Appointment.

    Dated: Safar 8. 1443

Onofre T. Serrano

1    SUPERIOR COURT OF THE STATE OF CALIFORNIA

2     FOR THE COUNTY OF LOS ANGELES

3 DEPARTMENT S-18    HON. DEBRA A. COLE, JUDGE

4

5 THE PEOPLE OF THE STATE OF CALIFORNIA, )
               )
6        PLAINTIFF, )
               ) SUPERIOR COURT
7  VS.          ) NO. NA115520-01
               ) **CONFORMED COPY**
8 ONOFRE TOMMY SERRANO,    ) **ORIGINAL FILED**
               ) Superior Court of California
               ) County of Los Angeles
9        DEFENDANT. )
               ) AUG 12 2021
10 ————————————————————————————————

11           Sherri R. Carter, Executive Officer/Clerk of Court

12    REPORTER'S TRANSCRIPT OF PROCEEDINGS

13    PRELIMINARY HEARING EXAMINATION

14   JULY 12 AND 21, 2021; AUGUST 9, 2021

15 APPEARANCES:

16  FOR THE PEOPLE:  GEORGE GASCÓN, DISTRICT ATTORNEY
            BY:  MELISSA AVILA, DEPUTY
17           BY:  MARIE COX, DEPUTY

18

19  FOR DEFENDANT:  IN PROPRIA PERSONA

20

21  ALSO PRESENT:  ROBERT BOLINGER
           ATTORNEY AT LAW
22          STAND-BY COUNSEL

23

24         MIKE PIROUZIAN
          INVESTIGATOR
25

26

27

 HTA:  08/23/21    LOUISE A. SANFORD, CSR NO. #8723
28 DEPARTMENT S-23   OFFICIAL REPORTER

M A S T E R   I N D E X

JULY 12, 2021

CHRONOLOGICAL INDEX OF WITNESSES

| PEOPLE'S WITNESSES: | DIRECT | CROSS | REDIRECT | RECROSS | VOIR DIRE |
|---|---|---|---|---|---|
| D'ANGELO DARBY | 38 | 44 | | | |

| DEFENDANT'S WITNESSES: | DIRECT | CROSS | REDIRECT | RECROSS | VOIR DIRE |
|---|---|---|---|---|---|
| DAVID EBELL | 84 | | | | |

ALPHABETICAL INDEX OF WITNESSES

| WITNESSES: | DIRECT | CROSS | REDIRECT | RECROSS | VOIR DIRE |
|---|---|---|---|---|---|
| DARBY, D'ANGELO | 38 | 44 | | | |
| EBELL, DAVID | 84 | | | | |

MASTER INDEX OF EXHIBITS

JULY 12, 2021

| PEOPLE'S | FOR IDENTIFICATION | IN EVIDENCE | WITHDRAWN OR REJECTED |
|---|---|---|---|
| 1 - 8 1/2 BY 11 SHEET OF PAPER | 41 | 81 | -- |
| 2 - 8 1/2 BY 11 SHEET OF PAPER | 43 | 81 | -- |
| 3 - 8 1/2 BY 11 SHEET OF PAPER | 43 | 81 | -- |

```
 1              M A S T E R   I N D E X

 2                 AUGUST 9, 2021

 3          CHRONOLOGICAL INDEX OF WITNESSES

 4

 5   DEFENDANT'S                                      VOIR
     WITNESSES:        DIRECT  CROSS  REDIRECT  RECROSS  DIRE
 6

 7   DAVID EBELL
        (RESUMED)       136
 8

 9   JOSEPH JOHNSON     158

10   ONOFRE SERRANO     175     182     193
        (RESUMED)               187
11

12

13

14

15

16

17          ALPHABETICAL INDEX OF WITNESSES

18   DEFENDANT'S                                      VOIR
     WITNESSES:        DIRECT  CROSS  REDIRECT  RECROSS  DIRE
19

20   EBELL, DAVID
        (RESUMED)       136
21

22   JOHNSON, JOSEPH    158

23   SERRANO, ONOFRE    175     182     193
        (RESUMED)               187
24

25

26

27

28
```

<u>MASTER INDEX OF EXHIBITS</u>

<u>AUGUST 9, 2021</u>

| DEFENDANT'S | FOR IDENTIFICATION | IN EVIDENCE | WITHDRAWN OR REJECTED |
|---|---|---|---|
| A - DOCUMENT | 136 | 157 | -- |
| B - DOCUMENT | 137 | 157 | -- |
| C - DOCUMENT | 137 | 157 | -- |
| D - VIDEO | 142 | 157 | -- |
| E - VIDEO | 145 | 157 | -- |
| F - VIDEO | 145 | 157 | -- |
| G - VIDEO | 145 | -- | -- |
| H - BODY CAMERA VIDEO | 161 | -- | -- |
| I - MEDICAL REPORTS | 178 | -- | -- |
| J - REPORT | 196 | -- | -- |
| K - REPORT | 197 | -- | -- |

1

```
 1   CASE NUMBER:          NA115520-01
 2   CASE NAME:            PEOPLE VS. ONOFRE TOMMY SERRANO
 3   LONG BEACH, CA        MONDAY, JULY 12, 2021
 4   DEPARTMENT S-18       HON. DEBRA A. COLE, JUDGE
 5   REPORTER:             LOUISE A. SANFORD, CSR #8723
 6   TIME:                 10:02 A.M.
 7   APPEARANCES:
 8        THE DEFENDANT IN PROPRIA PERSONA WITH HIS
 9        STAND-BY COUNSEL, ROBERT BOLINGER, ESQ.;
10        MELISSA AVILA AND MARIE COX, DEPUTIES
11        DISTRICT ATTORNEY OF LOS ANGELES COUNTY,
12        REPRESENTING THE PEOPLE OF THE STATE OF
13        CALIFORNIA; MIKE PIROUZIAN, INVESTIGATOR.
14
15        THE COURT:  ALL RIGHT.  CALLING THE CASE OF ONOFRE
16   SERRANO.  MR. SERRANO IS NOW PRESENT REPRESENTING
17   HIMSELF; MS. COX IS STANDING IN FOR MS. AVILA.
18             WE'RE NINE OF TEN TODAY, SIR.  WHAT'S YOUR
19   STATUS?
20        THE DEFENDANT:  YOUR HONOR, I JUST SPOKE TO MY
21   INVESTIGATOR.  I AM JUST NOW -- HE HAS WITH HIM THE
22   MEDICAL RECORDS IN HARD COPY THAT I HAVEN'T REVIEWED AND
23   THE -- BEFORE I PROCEED, I HAVE TO BE ABLE TO READ THESE
24   DOCUMENTS.  I AM GUESSING THAT AND THE FACT THAT I HAVE
25   TWO EX PARTE APPLICATIONS, ONE FOR AN EXPERT WITH
26   REGARDS TO THE MEDICAL RECORDS.
27        THE COURT:  WELL, IT'S A LITTLE LATE FOR THAT
28   DON'T YOU THINK?  YOU'RE 9 OF 10 FOR PRELIM.  YOU SHOULD
```

1  HAVE SUBMITTED THAT BEFORE.

2        THE DEFENDANT:  THAT'S WHY I AM EXPLAINING NOW,

3  YOUR HONOR, I AM JUST NOW RECEIVING MY MEDICAL RECORDS

4  IN HARD COPY.

5        THE COURT:  AND THESE ARE THE MEDICAL RECORDS OF

6  YOU?

7        THE DEFENDANT:  YES, MY MEDICAL RECORDS THAT WERE

8  SUBPOENAED THAT WAS TURNED OVER LIKE --

9        THE COURT:  WHAT'S THE RELEVANCE ON THE CHARGES

10 PENDING FOR PRELIM ONLY?  I AM NOT SAYING FOR TRIAL.  I

11 AM JUST SAYING FOR THE PURPOSES OF PRELIM.

12       THE DEFENDANT:  YES, I AM CURRENTLY LOOKING OVER

13 THE MEDICAL RECORDS FIRST BEFORE THE SUPPRESSION MOTION

14 AND POSSIBLE --

15       THE COURT:  WHAT SUPPRESSION MOTION?  I DON'T HAVE

16 A SUPPRESSION MOTION, DO I?

17       THE DEFENDANT:  YES.  I FILED A MOTION TO

18 SUPPRESS.

19       THE COURT:  NOT WITH ME YOU DIDN'T.  DO WE HAVE A

20 MOTION TO SUPPRESS?

21       THE DEFENDANT:  YES, I --

22       THE COURT:  WHEN WAS IT FILED?

23       MS. COX:  YOUR HONOR, JUST TO CLARIFY THE RECORD

24 BRIEFLY, MS. AVILA JUST WALKED IN.

25       THE COURT:  DO YOU HAVE A MOTION TO SUPPRESS?

26       MS. AVILA:  YES.

27       THE COURT:  YOU DO?

28       MS. AVILA:  IT IS DATED JUNE 3RD.

```
 1        THE COURT:  OKAY.  WELL, IT WILL BE HEARD WITH THE
 2   PRELIM, I GUESS.
 3            OKAY.  SO TELL ME WHY YOUR MEDICAL RECORDS
 4   ARE RELEVANT FOR THE PURPOSES OF PRELIM ONLY WITH REGARD
 5   TO THE MOTION TO SUPPRESS.
 6        THE DEFENDANT:  THE MEDICAL RECORDS I NEED FOR --
 7   TO EITHER NEGATE PROBABLE CAUSE FOR --
 8        THE COURT:  WHAT PROBABLE CAUSE?
 9        THE DEFENDANT:  TO BE DETERMINED AT THE
10   PRELIMINARY HEARING.
11        THE COURT:  NO, I KNOW THAT, BUT WHAT DO YOUR
12   MEDICAL RECORDS HAVE TO DO WITH WHETHER THERE IS
13   PROBABLE CAUSE TO EITHER SEARCH OR DETAIN OR ARREST YOU?
14   I DON'T UNDERSTAND.
15        THE DEFENDANT:  IT'S RELEVANT WITH REGARD TO THE
16   EXECUTION OF THE WARRANT, AND IT'S ALSO RELEVANT TO THE
17   CHARGES ITSELF.
18        THE COURT:  OKAY.  LET'S TAKE IT ONE STEP AT A
19   TIME.  THE EXECUTION OF THE WARRANT.  TELL ME HOW YOUR
20   HEALTH HAS ANY BEARING ON WHETHER THEY CAN EXECUTE A
21   WARRANT.  MY UNDERSTANDING HE WAS ARRESTED AND THEN THEY
22   DID A SEARCH; AM I CORRECT?
23        MS. AVILA:  I THINK THAT'S CORRECT.  LET ME TAKE A
24   LOOK.
25        THE COURT:  BECAUSE YOUR ISSUES ARE TRIAL ISSUES.
26   I AM JUST GETTING OUT TO PRELIM.  THAT'S ALL I WANT TO
27   DO.
28        MS. AVILA:  JUST SO THE COURT IS AWARE, I AM ONLY
```

```
 1   INTENDING TO CALL THE VICTIM.
 2        THE DEFENDANT:  I DIDN'T CATCH THAT.
 3        THE COURT:  SHE IS ONLY INTENDING TO CALL ONE
 4   WITNESS, AND THAT IS THE ALLEGED -- THE COMPLAINING
 5   WITNESS IN THIS CASE.  SO ALL OF THOSE ISSUES ARE NOT
 6   NECESSARY FOR PRELIM.
 7        THE DEFENDANT:  WELL, YES, THEY ARE, YOUR HONOR.
 8   SO WHAT THAT BRINGS ME TO, THAT BRINGS ME TO THE FACT
 9   THAT THE MEDICAL RECORDS ARE NECESSARY TO POSSIBILITY OF
10   IMPEACHING THE WITNESS.
11        THE COURT:  THEY ARE YOUR MEDICAL RECORDS OR HER
12   MEDICAL RECORDS?
13        THE DEFENDANT:  THEY ARE MY MEDICAL RECORDS.
14        THE COURT:  SO HOW ARE YOU GOING TO IMPEACH THE
15   COMPLAINING WITNESS WITH YOUR MEDICAL RECORDS?
16        THE DEFENDANT:  WELL, FIRST AND FOREMOST, I NEED
17   TO REVIEW THE MEDICAL RECORDS.  SECOND OF ALL --
18        THE COURT:  YOU ARE NOT ANSWERING MY QUESTION.
19        THE DEFENDANT:  -- THE MEDICAL RECORDS ARE --
20        THE COURT:  I AM FINDING THAT IT'S NOT RELEVANT TO
21   IMPEACH THE WITNESS WITH YOUR MEDICAL RECORDS.
22        THE DEFENDANT:  WELL, LET ME STATE THIS HERE:
23   IT'S A POSSIBILITY THAT THE DEFENSE MAY RAISE AN
24   AFFIRMATIVE DEFENSE.
25        THE COURT:  OKAY.
26        THE DEFENDANT:  AND SO, THEREFORE, THESE MEDICAL
27   RECORDS ARE NECESSARY TO RAISE AN AFFIRMATIVE DEFENSE AT
28   THE PRELIMINARY HEARING BECAUSE --
```

1        THE COURT:  I AM AT A LOSS.

2        THE DEFENDANT:  -- I HAVEN'T --

3        THE COURT:  DO YOU HAVE THE VICTIM HERE TODAY?

4        MS. AVILA:  YES.

5        THE COURT:  IS IT A HE OR A SHE?

6        MS. AVILA:  HE.

7        THE DEFENDANT:  FOR EXAMPLE, YOUR HONOR, WHEN I

8   WAS ARRESTED, ONCE I WAS ARRESTED, I WAS TAKEN DOWN TO

9   THE MEN'S CENTRAL JAIL AND I WAS COMPLAINING OF PAIN.

10  ONCE AT -- ONCE I WAS AT THE MEN'S CENTRAL JAIL, I

11  COMPLAINED OF PAIN.  THEY -- I WAS SEEN BY A NURSE, AND

12  THEN SHORTLY THEREAFTER I WAS TAKEN TO THE HOSPITAL

13  WHEREAS I WAS X-RAYED.  AND IT WAS DETERMINED THAT I WAS

14  SUFFERING FROM A C7 SPINAL FRACTURE.  I DID NOT KNOW I

15  HAD A SPINAL FRACTURE AT THE TIME.  I JUST KNEW I HAD

16  PAIN AND DISCOMFORT.

17          THEREFORE, PRIOR TO THE ARREST, ONCE I WAS

18  ARRESTED, THE OFFICERS HANDLED ME, HANDCUFFED ME, AND

19  ALL DURING THIS TIME I WAS SUFFERING FROM THE SPINAL

20  FRACTURE.

21       THE COURT:  I UNDERSTAND THAT, BUT THAT INCIDENT

22  DIDN'T OCCUR THAT DAY.

23       THE DEFENDANT:  EXCUSE ME?

24       THE COURT:  THE INCIDENT THAT YOU'RE ALLEGED TO

25  HAVE COMMITTED DID NOT OCCUR ON THE DAY THAT YOU WERE

26  ARRESTED; AM I CORRECT?

27       MS. AVILA:  THAT IS CORRECT.  AND WHILE THE COURT

28  IS ON THE TOPIC OF THE DATE, THE PEOPLE NEED TO AMEND

```
 1  THE COMPLAINT TO ALLEGE THE APPROPRIATE DATE WHICH WAS
 2  OCTOBER 6.
 3       THE COURT:  I HAVE GOT TO GO BACK AND FIND THE
 4  COMPLAINT.  THERE ARE SO MANY MOTIONS.  OCTOBER --
 5  INSTEAD OF OCTOBER 15TH, YOU'RE ALLEGING OCTOBER 6TH?
 6       MS. AVILA:  YES, FOR BOTH COUNTS 1 AND 2.
 7       THE COURT:  ALL RIGHT.  THAT WILL BE AMENDED BY
 8  INTERLINEATION.
 9       MS. AVILA:  THANK YOU.
10       THE DEFENDANT:  AND WITH REGARD TO THE ACTUAL
11  INCIDENT ITSELF, TO MY UNDERSTANDING I WAS SUFFERING
12  FROM THIS PAIN AND INJURY PRIOR TO THE ARREST.
13       THE COURT:  OKAY.
14       THE DEFENDANT:  AND POSSIBLY ON THE DATE OF THE
15  ALLEGED CRIME.
16       THE COURT:  SO THAT MEANS THAT WOULD NEGATE YOUR
17  ABILITY TO HAVE STABBED THE -- ALLEGEDLY STABBED THE
18  VICTIM.  IS THAT WHAT YOU'RE TELLING ME?
19       THE DEFENDANT:  POSSIBILITY, YES.
20       THE COURT:  I WILL HEAR FROM YOU.
21       MS. AVILA:  WELL, I -- OBVIOUSLY, THE COURT KNOWS
22  I WALKED IN LATE.  WHAT IS THE ISSUE WITH THE MEDICAL
23  RECORDS?  DOES THE DEFENDANT ASK -- IS HE ASKING FOR
24  MORE TIME TO REVIEW THEM TO BE ABLE TO IMPEACH?
25       THE COURT:  I AM GUESSING.  HE HAS A BOX HERE WITH
26  HIS INVESTIGATOR.
27           YOUR NAME FOR THE RECORD, SIR.
28       MR. PIROUZIAN:  YES, GOOD MORNING, YOUR HONOR,
```

1  IT'S 1,761 PAGES.

2       THE COURT:  OF MEDICAL RECORDS BELONGING TO THIS

3  DEFENDANT?

4       MR. PIROUZIAN:  YES, YOUR HONOR.

5       THE COURT:  BUT WHAT I AM TRYING TO GET AT -- AND

6  YOUR NAME FOR THE RECORD?  YOUR NAME?

7       MR. PIROUZIAN:  MIKE PIROUZIAN.

8       THE COURT:  THANK YOU.

9            AND YOU'RE THE APPOINTED INVESTIGATOR WITH

10  MR. SERRANO.

11       MR. PIROUZIAN:  YES, YOUR HONOR.

12       THE COURT:  HE WANTS TO REVIEW THE THOUSAND PAGES

13  OF MEDICAL RECORDS, WHICH I AM NOT SENDING INTO THE

14  JAIL.  SO EITHER HE SHOWS YOU ON HIS COMPUTER OR HE

15  BRINGS THEM TO THE JAIL AND YOU REVIEW THEM BECAUSE THEY

16  ARE NOT GOING IN.  THE SHERIFF WILL NEVER LET THEM IN.

17       MS. AVILA:  IT'S THE PEOPLE'S POSITION THAT THOSE

18  RECORDS ARE COMPLETELY IRRELEVANT FOR WHAT WE'RE HERE

19  TODAY.

20       THE COURT:  THAT'S WHAT I AM TRYING TO GET AT WITH

21  HIM NOW.  NOW HE'S TRYING TO EXPLAIN TO ME WHY THEY ARE

22  RELEVANT FOR THE PURPOSES OF PRELIM.

23       MS. AVILA:  REGARDLESS OF WHAT WAS GOING ON WITH

24  THE DEFENDANT'S HEALTH ON THE DAY OF THE INCIDENT, IT

25  HAS NO BEARING ON WHAT THE VICTIM IN THIS CASE IS GOING

26  TO TESTIFY TO.

27       THE COURT:  RIGHT.  HE IS SAYING IT'S GOING TO GO

28  TO POSSIBLY PUTTING ON AN AFFIRMATIVE DEFENSE, AND I AM

1    BASICALLY SAYING I DON'T THINK AT THIS STAGE IT'S

2    RELEVANT.  I THINK IT'S RELEVANT FOR TRIAL, BUT AT THIS

3    STAGE I THINK IT'S PREMATURE.

4              SO YOUR REQUEST TO CONTINUE THE --

5         THE DEFENDANT:  WELL --

6         THE COURT:  LET ME FINISH WHAT I AM SAYING.

7              YOUR REQUEST TO CONTINUE THE PRELIMINARY

8    HEARING TO REVIEW NOW PAGES OF MEDICAL RECORDS OF YOUR

9    OWN IS DENIED.

10             SO WHERE ARE WE STANDING?

11        THE DEFENDANT:  SO, WELL, BASICALLY, YOUR HONOR, I

12   HAVE JUST NOW -- I HAVE NOT SEEN MY INVESTIGATOR SINCE,

13   I THINK, MAYBE THREE WEEKS AGO.

14        THE COURT:  OKAY.

15        THE DEFENDANT:  AND I HAVE BEEN TALKING TO HIM,

16   AND WE'VE BEEN PUTTING TOGETHER MY WITNESS LIST AND

17   BEING ABLE TO SUBPOENA THE WITNESSES.  TO MY

18   UNDERSTANDING HE HAS BEEN BUSY WITH OTHER TRIALS AND

19   WHAT HAVE YOU.  AND WE HAVE NOT BEEN ABLE TO SUBPOENA

20   THE WITNESSES FOR THE PRELIMINARY HEARING SLASH MOTION

21   TO SUPPRESS EVIDENCE.

22        THE COURT:  WHAT WITNESSES ARE YOU PLANNING TO

23   CALL FOR THE PRELIM?  SHE MAY HAVE THEM ON CALL.  I

24   DON'T KNOW.

25        THE DEFENDANT:  THE WITNESSES ARE --

26        THE COURT:  HOLD ON ONE SECOND.  OFF THE RECORD.

27        (UNRELATED MATTER HEARD.)

28        THE COURT:  OKAY.  YOUR WITNESSES ARE?

```
1          THE DEFENDANT:  THE WITNESSES ARE LONG BEACH
2    POLICE DEPARTMENT OFFICERS L. RODRIGUEZ, B. BARRAJAS.
3          THE COURT:  I AM SORRY.  THE NEXT ONE.
4          THE DEFENDANT:  B. BARRAJAS, R. KENNEDY.
5          THE COURT:  KENNEDY.
6          THE DEFENDANT:  YES.  T. CODEY.
7          THE COURT:  CAN YOU SPELL THE LAST NAME FOR ME?
8          THE DEFENDANT:  C-O-D-E-Y.
9          THE COURT:  OKAY.
10         THE DEFENDANT:  J. JOHNSON.
11         MS. AVILA:  JOHNSON IS PRESENT TODAY.
12         THE DEFENDANT:  P. LYON.
13         THE COURT:  P. LYON, L-Y-O-N?
14         THE DEFENDANT:  YES.
15         MS. AVILA:  LYON IS AVAILABLE ON CALL TODAY.
16         THE DEFENDANT:  T. ROBLES, D. CABRERA, D. EBELL.
17         THE COURT:  E-B-E-L?
18         THE DEFENDANT:  TWO L'S.
19         MS. AVILA:  DETECTIVE EBELL IS HERE TODAY.
20         THE COURT:  OKAY.
21         THE DEFENDANT:  C. NAVA, N-A-V-A; A. MORALES; A.
22   DECARBALHO.  THAT'S SPELLED D-E-C-A-R-B-A-L-H-O.  AND
23   VAROUJAN SHEKERDEMIAN.  LAST NAME
24   S-H-E-K-E-R-D-E-M-I-A-N.
25         THE COURT:  FIRST INITIAL?
26         THE DEFENDANT:  V.
27         THE COURT:  AND WHAT ARE ALL THESE OFFICERS GOING
28   TO DO?
```

1        THE DEFENDANT:  ONCE AGAIN, I WOULD LIKE TO --

2    BASICALLY, I AM FILING A MOTION TO SUPPRESS.

3        THE COURT:  YOU HAVE ALREADY FILED IT.

4        THE DEFENDANT:  THAT'S GOING TO BE HEARD IN

5    CONJUNCTION WITH THE PRELIMINARY HEARING.

6        THE COURT:  CORRECT.  WHAT ARE THESE OFFICERS

7    GOING TO TELL ME WITH REGARD TO THE MOTION TO SUPPRESS?

8        THE DEFENDANT:  REGARDING THE PROBABLE CAUSE IN

9    THE SEARCH AND SEIZURE, ALL OF THESE WITNESSES PERTAIN

10   TO BASICALLY UNREASONABLE SEARCH AND SEIZURE AND WHY I

11   AM FILING THE -- WITH REGARD TO THE WARRANT.

12       THE COURT:  WELL, THEN, THEY'RE CUMULATIVE.  I

13   DON'T NEED ALL THESE OFFICERS.

14       THE DEFENDANT:  NO, THEY ARE NOT CUMULATIVE.  MY

15   SUPPRESSION MOTION RAISES --

16       THE COURT:  JUNE 3RD.

17       THE DEFENDANT:  SO WHAT I HAVE FILED IS A MOTION

18   TO SUPPRESS --

19       THE COURT:  I GOT IT.

20       THE DEFENDANT:  -- A RETURN OF PROPERTY, A MOTION

21   TO QUASH AND/OR TRAVERSE THE ARREST WARRANT AND THE

22   SEARCH WARRANT AND PROBABLE CAUSE.

23       THE COURT:  BUT YOU DIDN'T GIVE ME A COPY OF THE

24   SEARCH WARRANT.  SO I CAN'T DO THAT.

25       THE DEFENDANT:  THERE ARE THREE.

26       THE COURT:  YOU DIDN'T GIVE ME A COPY OF THE

27   SEARCH WARRANTS IN YOUR MOTION.  SO I CAN'T DO IT.

28       THE DEFENDANT:  WELL, TO MY UNDERSTANDING THE

1    PENAL CODE JUST REQUIRES THAT I SUBMIT THE MOTION UP

2    UNTIL THE HEARING.

3        THE COURT:  RIGHT.  BUT I NEED THE SEARCH WARRANT.

4    HOW DO I KNOW WHETHER I NEED TO TRAVERSE THE WARRANT OR

5    QUASH THE WARRANT UNLESS I SEE IT?

6        THE DEFENDANT:  YEAH.  I MEAN, THAT'S WHAT --

7        THE COURT:  YOU DIDN'T ATTACH IT TO YOUR MOTION.

8        THE DEFENDANT:  WELL, TO MY UNDERSTANDING I HAVE

9    NEVER ATTACHED -- I HAVE NEVER ATTACHED A WARRANT TO A

10   SUPPRESSION MOTION.  TO MY UNDERSTANDING DURING AN

11   EVIDENTIARY --

12       THE COURT:  IT'S NOT A SUPPRESSION MOTION.  YOU

13   ARE TALKING ABOUT TWO DIFFERENT THINGS, SIR.  ON JUNE

14   3RD YOU FILED A MOTION TO SUPPRESS, RETURN OF PROPERTY,

15   TO QUASH AND/OR TRAVERSE THE ARREST AND SEARCH WARRANTS.

16   I CAN'T QUASH OR TRAVERSE A WARRANT UNLESS I SEE IT, AND

17   IT'S NOT ATTACHED TO YOUR MOTION.

18           SO I PLAN TO GO FORWARD ON YOUR SUPPRESSION

19   MOTION TODAY TO SEE IF THERE WAS EVIDENCE TO DO IT, BUT

20   I CAN'T DO THE TRAVERSAL OF THE WARRANT BECAUSE I

21   HAVEN'T SEEN IT.  YOU HAVEN'T ATTACHED IT.

22       THE DEFENDANT:  OKAY.  WELL, YOUR HONOR, TO MY

23   UNDERSTANDING WHEN WE HAVE THE PRELIMINARY HEARING,

24   BECAUSE IT'S GOING TO BE HEARD IN CONJUNCTION WITH, AT

25   THAT TIME THE ISSUE IS WHETHER OR NOT THERE WAS OR WAS

26   NOT A SEARCH WARRANT.

27           IF THERE WAS A SEARCH WARRANT, THEN THAT

28   CHANGES THE BURDEN.  IF THERE WAS NOT A SEARCH WARRANT,

1    THEN THE PROSECUTION HAS THE BURDEN TO PROVE PROBABLE

2    CAUSE OR SOME EXCEPTION TO THE RULE OR WHAT HAVE YOU.

3         THE COURT:  WELL, I AM GOING TO HEAR PROBABLE

4    CAUSE BECAUSE THE COMPLAINING WITNESS IS GOING TO

5    TESTIFY TODAY ABOUT WHAT YOU DID.  THAT'S PROBABLE CAUSE

6    TO ARREST YOU.

7         THE DEFENDANT:  OKAY.  HOWEVER, THERE WAS AN

8    ARREST WARRANT AND A SEARCH WARRANT IN THE CASE.

9         THE COURT:  OKAY.  SO THERE IS A WARRANT.  SO

10   YOU'RE ASKING ME TO TRAVERSE OR QUASH THE WARRANT.

11        THE DEFENDANT:  ALL THAT IS MENTIONED IN THE

12   MOTION.

13        THE COURT:  I GOT IT, BUT YOU DIDN'T GIVE ME THE

14   WARRANT.  THAT'S WHAT I AM TRYING TO TELL YOU.  HOW DO I

15   TRAVERSE OR RULE ON A WARRANT I HAVEN'T SEEN?

16        THE DEFENDANT:  WELL, TO MY UNDERSTANDING DURING

17   THE HEARING, ALL THIS WILL BE PRESENTED.

18        THE COURT:  NO.  IT'S YOUR MOTION.  YOU HAVE TO

19   GIVE ME A COPY OF THE WARRANT.  HOW DO I KNOW WHETHER

20   IT'S A GOOD WARRANT OR NOT UNLESS YOU SHOW IT TO ME?

21        THE DEFENDANT:  YOUR HONOR, I MEAN -- OKAY.  I

22   HAVE ATTENDED COUNTLESS SUPPRESSION HEARINGS.

23        THE COURT:  OKAY.

24        THE DEFENDANT:  AND DURING THE SUPPRESSION HEARING

25   IT'S SUBMITTED DURING THE HEARING.

26        THE COURT:  NO.  IT'S ATTACHED TO YOUR MOTION,

27   COUNSEL.  IT'S ATTACHED.

28        THE DEFENDANT:  I HAVE NEVER ATTACHED A

```
1    SUPPRESSION MOTION --
2          THE COURT:  IF YOU'RE FILING A MOTION TO QUASH OR
3    TRAVERSE, YOU HAVE GOT TO GIVE ME THE ARREST OR THE
4    MOTION.  I DON'T KNOW WHAT'S GOING ON HERE, BUT HE'S
5    MAKING THINGS UP AS HE GOES ALONG.
6                YOUR REQUEST TO CONTINUE THE MATTER FOR
7    THESE WITNESSES IS DENIED.  SHE'S GOT THREE OF THE FOUR
8    WITNESSES HERE.  WE'RE GOING TO PUT THE HEARING ON
9    TODAY.
10               ALL RIGHT.  ARE YOU READY?
11         MS. AVILA:  YES.
12         THE COURT:  AND WHAT'S YOUR TIME ESTIMATE?
13         MS. AVILA:  I AM ONLY CALLING ONE WITNESS.  I
14   SHOULD BE DONE IN ABOUT 20 TO 30 MINUTES.  I DON'T KNOW
15   HOW LONG THE DEFENSE SIDE IS GOING TO GO; SO PERHAPS WE
16   SHOULD TREAT IT AS A LONG CAUSE.
17         THE COURT:  I AM GOING TO KEEP THIS ONE HERE.
18         THE DEFENDANT:  WELL, YOUR HONOR, IF --
19         THE COURT:  WE'RE GOING TODAY, SIR.  IT'S 9 OF 10.
20         THE DEFENDANT:  OKAY.  WELL, HERE IS THE THING,
21   YOUR HONOR.  I JUST LIKE TO -- I HAVE SEVERAL THINGS I
22   WOULD LIKE TO PUT ON THE RECORD, FIRST AND FOREMOST,
23   THAT MY INVESTIGATOR IS HERE IN COURT WITH A HUNDRED --
24   I MEAN, HOW MANY --
25         THE COURT:  OVER A THOUSAND.  HE ALREADY SAID IT.
26   I HAVE ALREADY RULED ON THAT.
27         THE DEFENDANT:  1,761 MEDICAL RECORDS.  SO,
28   THEREFORE, IF WE'RE GOING TO HAVE THIS SUPPRESSION
```

1  MOTION SLASH PRELIMINARY HEARING, THEN THERE ARE CERTAIN

2  THINGS THAT NEED TO BE RULED ON.  I HAVE THE -- FIRST

3  AND FOREMOST, THERE WAS THREE WARRANTS TO MY

4  UNDERSTANDING.  I AM SUPPRESSING -- I AM ATTEMPTING TO

5  QUASH AND TRAVERSE.  AND SO, THEREFORE, THE MAIN ISSUE

6  IS --

7        THE COURT:  I HAVE ALREADY RULED ON THAT, SIR.

8  LET'S MOVE ON.  I HAVEN'T SEEN A WARRANT.  SO I AM NOT

9  TRAVERSING OR QUASHING ANY WARRANT.  I AM GOING TO HEAR

10  THE TESTIMONY FROM THE WITNESS, AND THEN I WILL MAKE A

11  RULING AS TO WHETHER THERE WAS PROBABLE CAUSE TO EITHER

12  ARREST OR DETAIN OR SEARCH BASED ON THAT.  THAT'S YOUR

13  SUPPRESSION MOTION.

14            IF YOU'RE GOING TO FILE A MOTION TO

15  TRAVERSE OR QUASH, I NEED THE WARRANT, WHICH YOU HAVEN'T

16  GIVEN ME.  SO ANY OF THOSE ISSUES ARE NOT EVEN GOING TO

17  COME UP TODAY.

18            I AM GOING TO HEAR FROM THE COMPLAINING

19  WITNESS AS TO WHAT HAPPENED ON OCTOBER 6.  AND THEN I

20  WILL MAKE A RULING BASED ON WHAT HE SAYS WHETHER THERE

21  WAS PROBABLE CAUSE TO ARREST OR DETAIN YOU.

22        THE DEFENDANT:  OKAY.  I HAVE THE WARRANT RIGHT

23  HERE.  THE WARRANT IS RIGHT HERE.

24        THE COURT:  WELL, IT'S A LITTLE LATE.  I HAVEN'T

25  HAD A CHANCE TO REVIEW IT.

26        THE DEFENDANT:  IT'S A LITTLE LATE.  BEG YOUR

27  PARDON?  I MEAN, WE ARE HAVING A HEARING, AND I HAVE

28  TO --

```
 1        THE COURT:  YOU SHOULD HAVE FILED IT ON JUNE 3RD
 2   WITH THE MOTION.
 3        THE DEFENDANT:  SO TO MY UNDERSTANDING PURSUANT TO
 4   15 -- PENAL CODE 1538.5(F)(1), WHEN YOU HAVE A
 5   PRELIMINARY HEARING IN CONJUNCTION WITH THE MOTION TO
 6   SUPPRESS, THE ISSUES OR THE EVIDENCE THAT IS SUPPRESSED
 7   IS WHAT THE PROSECUTION IS GOING TO BRING UP DURING THIS
 8   HEARING.
 9        THE COURT:  AND WHAT SHE'S TOLD ME IS THAT ALL
10   SHE'S GOING TO USE IS THE COMPLAINING WITNESS TO TELL ME
11   WHAT HAPPENED AT THE BAR ON OCTOBER 6TH OF 2020.  SO ALL
12   OF THOSE OTHER ISSUES ARE NOT GOING TO BE BROUGHT UP BY
13   THE PROSECUTION TODAY.  SO ALL OF YOUR OTHER ISSUES ARE
14   IRRELEVANT.
15             I'D FILE THOSE MOTIONS IN THE TRIAL COURT
16   IS WHAT I WOULD DO.  I WILL RULE ON THE MOTION TO
17   SUPPRESS, BUT AS TO THE MOTION TO TRAVERSE OR QUASH THE
18   WARRANT, I AM FINDING THAT YOU NEED TO FILE THAT IN YOUR
19   TRIAL COURT.
20        THE DEFENDANT:  WELL, YOUR HONOR --
21        THE COURT:  BECAUSE THE ISSUE OF THE WARRANTS IS
22   NOT GOING TO COME UP TODAY IN THIS HEARING.
23        THE DEFENDANT:  OKAY.  WELL, I BELIEVE IT IS
24   BECAUSE I AM SUPPRESSING THE PROBABLE CAUSE BY THE
25   COMPLAINING WITNESS.
26        THE COURT:  OKAY.  WELL, I AM GOING TO HEAR FROM
27   THAT WITNESS, AND I WILL MAKE A DETERMINATION.  OKAY.
28        THE DEFENDANT:  OKAY.  WELL, HOWEVER, THERE WAS
```

```
1    WARRANTS FOR PROBABLE CAUSE IN THIS CASE I WOULD LIKE TO
2    SUBMIT.
3         THE COURT:  AND, AGAIN, I AM NOT GOING TO RULE ON
4    THE VALIDITY OF THE WARRANTS TODAY.  THOSE ARE ISSUES
5    FOR TRIAL.  WHAT I AM GOING TO HEAR IS PROBABLE CAUSE TO
6    SUPPRESS ANY EVIDENCE THAT WAS RECOVERED BECAUSE I AM
7    GOING TO HEAR FROM THE VICTIM TODAY.
8              AND IF IT COMES OUT THAT THINGS WERE TAKEN
9    FROM THE RESIDENCE OR YOUR PERSON BASED ON WHATEVER THE
10   WITNESS SAYS, I WILL RULE ON THAT TO DETERMINE WHETHER
11   THEY COME IN OR NOT OR THEY ARE ADMISSIBLE OR I SUPPRESS
12   THEM.
13             BUT AS FAR AS THE WARRANT IS CONCERNED,
14   YOU'RE NOT BRINGING UP ANY INFORMATION AS TO THE
15   WARRANTS; AM I --
16        MS. AVILA:  NO.
17        THE COURT:  THE WARRANT IS NOT GOING TO BE AN
18   ISSUE AT PRELIM TODAY.  THOSE ARE MOTIONS YOU'RE GOING
19   TO FILE IN THE TRIAL COURT WHEN I SEND YOU THERE.
20        THE DEFENDANT:  WELL, YOUR HONOR, I UNDERSTAND
21   WHAT THE COURT IS INDICATING.  HOWEVER, ONE OF THE MAIN
22   PURPOSES OF ME EXERCISING MY FARETTA RIGHTS IS THAT I
23   SAW AS A STRATEGY TO RAISE THESE ISSUES --
24        THE COURT:  RIGHT.
25        THE DEFENDANT:  -- DURING THE PRELIMINARY HEARING.
26        THE COURT:  OKAY.  BUT IT'S NOT GOING TO COME OUT
27   TODAY BECAUSE SHE'S CALLING ONE WITNESS TODAY.
28        THE DEFENDANT:  YES, YOUR HONOR, I UNDERSTAND.
```

```
 1   HOWEVER, THAT BEING SAID, THIS IS THE MAIN WITNESS OF
 2   THE CASE.
 3        THE COURT:  CORRECT.
 4        THE DEFENDANT:  AND SO, THEREFORE, IN THE WARRANTS
 5   IT IS SPECIFICALLY STATED THAT HE SAID CERTAIN THINGS OR
 6   THAT THE OFFICER --
 7        THE COURT:  AND YOU CAN CHALLENGE THAT TODAY.
 8   THAT'S WHY YOU'RE GOING TO CROSS-EXAMINE THE WITNESS ON
 9   THE STAND TODAY.
10            OKAY.  I HAVE TAKEN UP TOO MUCH OF THE
11   COURT'S TIME WITH THIS.  I AM GOING TO BRING YOU BACK
12   OUT IN ABOUT AN HOUR.  WE'RE GOING TO START YOUR
13   PRELIMINARY HEARING, AND YOU CAN BRING UP WHATEVER
14   MOTIONS YOU HAVE AT THAT TIME.
15        MS. AVILA:  YOUR HONOR, I AM INTENDING TO MARK AND
16   OFFER THREE EXHIBITS.  THERE ARE THREE PHOTOGRAPHS.  I
17   AM HANDING COPIES TO MR. SERRANO OR HIS INVESTIGATOR.
18   HE CAN GIVE THEM OVER.
19        THE COURT:  WE'RE GOING TO GIVE YOU THREE
20   PHOTOGRAPHS SHE'S GOING TO MARK DURING THE PRELIMINARY
21   HEARING TODAY.
22        THE DEFENDANT:  YOUR HONOR, DURING THIS HEARING I
23   INTENDED TO SHOW --
24        THE COURT:  YOUR MASK, SIR.
25        THE DEFENDANT:  I INTENDED TO SHOW BODY-CAM VIDEO
26   FOOTAGE.  I AM PRETTY SURE THAT THIS COURT IS EQUIPPED.
27        THE COURT:  SURE.  BUT YOU NEED A COMPUTER.
28        THE DEFENDANT:  AND I JUST SPOKE WITH MY PRIVATE
```

1   INVESTIGATOR, AND HE DOESN'T HAVE HIS COMPUTER WITH HIM.

2   I WOULD LIKE TO CONTINUE THIS MATTER.  I AM -- I BELIEVE

3   AND I DID NOT EXPECT TODAY.  FOR EXAMPLE, I JUST

4   INQUIRED WITH MY PRIVATE INVESTIGATOR, AND HE IS JUST

5   BRINGING ME CERTAIN THINGS THAT I HAVE BEEN WAITING ON

6   FOR THREE WEEKS.

7        THE COURT:  THE BODY CAMERA OF WHAT?  WHAT IS THE

8   BODY-CAM VIDEO OF?

9        THE DEFENDANT:  THERE IS BODY-CAM FOOTAGE OF THE

10  VICTIM IN THE HOSPITAL MAKING STATEMENTS.  THERE'S

11  BODY-CAM FOOTAGE OF THE VICTIM OUTSIDE THE BAR MAKING

12  STATEMENTS.  HE WAS INTERVIEWED BY SEVERAL -- WELL, A

13  COUPLE OF LONG BEACH POLICE DEPARTMENT OFFICERS.  AND I

14  WOULD BE CALLING THEM TO TESTIFY.  AND MY OFFER OF PROOF

15  WOULD BE TO NEGATE PROBABLE CAUSE AND/OR IMPEACH

16  PROBABLE CAUSE.

17       THE COURT:  CAN YOU TELL ME WHAT THE BODY CAM OF

18  THE VICTIM IS?

19       MS. AVILA:  I HAVE NOT SEEN THE BODY-CAM VIDEO

20  THAT MR. SERRANO IS DISCUSSING.  THERE ARE NUMEROUS

21  VIDEOS AND EVIDENCE THAT WAS TURNED OVER IN THAT

22  RESPECT, BUT AS FAR AS IMPEACHMENT GOES --

23       THE COURT:  HE TALKED ABOUT TWO OF THEM.  ONE IS

24  THE BODY CAMERA OF THE VICTIM BEING INTERVIEWED AT THE

25  BAR AND AT THE HOSPITAL.

26       MS. AVILA:  HE CAN QUESTION HIM ABOUT THOSE

27  STATEMENTS ON CROSS-EXAMINATION.  AND THEN IF HE NEEDS

28  OFFICERS FOR THAT PURPOSE, IF HE LETS ME KNOW WHICH

1   ONES, I HAVE JOHNSON AND EBELL PRESENT.  LYON HAD TO GO

2   BACK TO THE STATION BUT HAS AGREED TO BE ON CALL.  SO IF

3   HE NEEDS ANY OTHERS, HE CAN LET ME KNOW, AND I CAN TRY

4   TO GET THEM HERE TODAY.

5            THE COURT:  OKAY.  SO YOU'RE GOING TO QUESTION THE

6   VICTIM OR THE COMPLAINING WITNESS ABOUT HIS STATEMENTS

7   TO THE POLICE, AND SHE'S GOT THE WITNESSES, THE

8   OFFICERS, ON CALL.

9                 I DON'T KNOW ABOUT GETTING YOU A LAPTOP.  I

10  DON'T HAVE THE ABILITY.  I DON'T HAVE ONE.  SO --

11           THE DEFENDANT:  YES.

12           MS. AVILA:  DO YOU KNOW WHICH OFFICERS WHOSE BODY

13  CAMS YOU WANTED TO SHOW?

14           THE DEFENDANT:  NO.  I DON'T HAVE THE NAMES OF THE

15  OFFICERS.  THEY JUST -- DURING DISCOVERY I WAS JUST

16  PROVIDED AXON BODY NUMBERS AND WITH NO NAMES.  AND SO

17  THIS IS THE THING THAT I WAS -- I HAVE BEEN INQUIRING

18  WITH MY INVESTIGATOR TO ASCERTAIN.

19           THE COURT:  DO YOU KNOW WHOSE BODY-CAM VIDEOS HE

20  WANTS TO SEE?

21           MR. PIROUZIAN:  I BELIEVE WHAT HE'S TALKING ABOUT,

22  BUT THEN USUALLY I BRING MY LAPTOP WITH ME.  BUT TODAY I

23  DIDN'T THINK I WOULD NEED IT.

24           THE COURT:  BUT I AM ASKING DO YOU KNOW WHICH

25  OFFICER'S BODY CAM HE WANTS TO SEE?

26           MR. PIROUZIAN:  NO, YOUR HONOR.

27           THE DEFENDANT:  NO, YOUR HONOR.  I BELIEVE THE

28  MAJORITY -- WELL, BASICALLY, ALL OF THE VIDEO.  AND ONE

```
1   THING ABOUT IT IS THAT THE BODY CAMERA DOESN'T HAVE OR
2   DOESN'T INDICATE WHICH OFFICER THAT THE BODY CAM
3   ACTUALLY BELONGS TO.  AND SO I HAVE BEEN -- YEAH,
4   I'VE --
5        THE COURT:  SO WHAT DO I -- HOW DO WE --
6        THE DEFENDANT:  FOR EXAMPLE, AT THE OFFICER I CAN
7   PRETTY MUCH STATE TO A CERTAINTY THAT IT WAS -- THAT IT
8   WAS TWO OFFICERS.  THERE WAS ONLY TWO OFFICERS AT THE
9   HOSPITAL THAT INTERVIEWED THE VICTIM.  I DO NOT KNOW --
10       THE COURT:  AND ARE YOU TELLING ME THAT STATEMENTS
11  ON THE BODY CAM ARE DIFFERENT THAN THE STATEMENTS THAT
12  WERE IN THE POLICE REPORTS?
13       THE DEFENDANT:  CORRECT, YOUR HONOR.
14       THE COURT:  IS THAT TRUE?
15       THE DEFENDANT:  IN THE POLICE REPORTS.
16       MS. AVILA:  I DON'T BELIEVE SO.
17       THE DEFENDANT:  AND IN --
18       THE COURT:  I AM SORRY?
19       THE DEFENDANT:  IN THE POLICE REPORT AND IN THE
20  WARRANT.
21       THE COURT:  AND YOU'RE TELLING ME THAT THAT'S NOT
22  TRUE.
23       MS. AVILA:  I HAVE NOT READ ANYTHING TO THAT
24  EFFECT.
25       THE DEFENDANT:  FOR EXAMPLE, I HAVE -- ALL I HAVE
26  FROM THE DISCOVERY -- FOR EXAMPLE, IT STATES, "ASSAULT
27  WITH WEAPON, LB200047969 SLASH 10 AXON BODY 2X8147723,"
28  AND THIS IS THE -- A DARBY INTERVIEW AT THE HOSPITAL.
```

```
 1          THE COURT:  ALL RIGHT.  WELL, SHE'S GOT SEVERAL
 2     OFFICERS HERE.  I AM GOING TO BRING YOU BACK OUT IN
 3     ABOUT AN HOUR.  WE'RE GOING TO START YOUR PRELIM.
 4               IN THE MEANTIME, SHE'S GOING TO TALK TO HER
 5     OFFICERS TO FIND OUT WHO WAS THE OFFICER AT THE HOSPITAL
 6     AND WHO INTERVIEWED THE VICTIM AT THE BAR ON THE BODY
 7     CAM, BUT THAT DOESN'T HELP US BECAUSE YOU CAN'T PLAY IT
 8     BECAUSE YOU DON'T HAVE A LAPTOP.
 9          THE DEFENDANT:  AND SO, THEREFORE, ON THAT BASIS I
10     AM ASKING AT LEAST -- I AM ASKING FOR A CONTINUANCE.
11          THE COURT:  WELL, WHERE IS YOUR OFFICE?
12          MR. PIROUZIAN:  YOUR HONOR.
13          THE COURT:  WHERE IS YOUR OFFICE TO GO GET YOUR
14     LAPTOP?
15          MR. PIROUZIAN:  GLENDALE.
16          THE COURT:  CAN YOU BE BACK HERE AT 1:30?
17          MR. PIROUZIAN:  YES, I CAN.
18          THE COURT:  OKAY.  WE'LL START YOUR PRELIM AT
19     1:30.  I AM GOING TO GIVE HIM TIME TO GO GET HIS LAPTOP
20     SO YOU CAN PLAY YOUR VIDEOS.  AND I WILL DO YOUR PRELIM
21     AT 1:30.  AND YOU CAN TALK TO YOUR OFFICERS TO SEE WHICH
22     ONES ARE THERE, BUT WE'LL START THIS AFTERNOON AT 1:30.
23          MS. AVILA:  ACCORDING TO THE REPORTS, IT LOOKS
24     LIKE IT WAS OFFICER JOHNSON WHO INTERVIEWED THE VICTIM
25     AT THE HOSPITAL.
26          THE COURT:  AND JOHNSON IS HERE?
27          MS. AVILA:  CORRECT.
28          THE COURT:  OKAY.  YOU HAVE GOT YOUR OFFICER.
```

```
 1        THE DEFENDANT:  AND TO MY UNDERSTANDING, IT WAS

 2   TWO OFFICERS THERE AND BECAUSE I HAVE TWO BODY-CAM

 3   CAMERA FOOTAGE.

 4        MS. AVILA:  SERGEANT LYON WAS HIS PARTNER THAT

 5   DAY.

 6        THE COURT:  AND HE'S ON CALL?

 7        MS. AVILA:  CORRECT.

 8        THE COURT:  OKAY.  WE'VE GOT THE OFFICERS HERE.

 9            ANYTHING ELSE?

10            ALL RIGHT.  1:30 THIS AFTERNOON I WILL SEE

11   YOU BACK HERE, SIR.

12        MR. PIROUZIAN:  YOUR HONOR, MAY I BE HEARD?  I

13   HAVE A SUBPOENA I NEED TO PICK UP I SERVED ON THE 17TH

14   OF MAY.  THEY RESPONDED ON THE 20TH OF MAY.  HOWEVER,

15   APPARENTLY, THE CLERK IS TELLING ME THERE IS NO NAME ON

16   IT; SO THEY COULDN'T TELL ME THAT IT WAS HERE OR NOT.

17        (THE COURT AND THE COURT CLERK CONFER SOTTO VOCE.)

18        THE COURT:  IS THIS THE DISK?

19        MR. PIROUZIAN:  YES, YOUR HONOR.

20        THE COURT:  FROM T-MOBILE AND SPRINT?

21        MR. PIROUZIAN:  YES, YOUR HONOR.

22        THE COURT:  ALL RIGHT.  IT'S BEEN OPENED.  SO DOES

23   THAT MEAN IT'S ALREADY BEEN PROVIDED?

24        THE DEFENDANT:  NO.  I HAVE NOT RECEIVED THAT.  I

25   WAS INFORMED BY AN INVESTIGATOR THAT HE WAS CALLING

26   AROUND, THAT WE HAVE BEEN WAITING ON THIS FOR QUITE SOME

27   TIME, FOR TWO MONTHS.  COME TO FIND OUT IT'S BEEN HERE.

28   TO MY UNDERSTANDING IT DIDN'T HAVE A CASE NUMBER ON IT.
```

1   SO, THEREFORE, WE'RE JUST NOW RECEIVING IT.

2        THE COURT:  WELL, I WILL PROVIDE THE DISK TO YOUR

3   INVESTIGATING OFFICER, AND HE CAN PUT THE ORIGINAL BACK

4   IN THE FILE.  HE CAN COPY IT, AND THE ORIGINAL WILL GO

5   BACK IN THE FILE.

6        THE DEFENDANT:  AND, YOUR HONOR, ONCE AGAIN, I --

7   I -- I'VE EXERCISED DUE DILIGENCE IN THIS CASE FROM THE

8   VERY BEGINNING.  I HAVE BEEN MOVING EXPEDITIOUSLY TO

9   HAVE THIS PRELIMINARY HEARING AND MOTION TO SUPPRESS

10  EVIDENCE.

11             HOWEVER, AT THIS POINT I AM UNPREPARED DUE

12  TO THE FACT THAT I HAVEN'T WORKED WITH MY INVESTIGATOR.

13  I HAVE NOT SEEN HIM DOWN AT THE COUNTY JAIL FOR THREE

14  WEEKS.  HE'S JUST NOW PROVIDING THE MEDICAL RECORDS.

15       THE COURT:  I HAVE ALREADY RULED THE MEDICAL

16  RECORDS --

17       THE DEFENDANT:  YES, YOUR HONOR.

18       THE COURT:  -- ARE IRRELEVANT FOR THE PRELIM.

19       THE DEFENDANT:  I WOULD AT LEAST ASK FOR A

20  CONTINUANCE FOR TWO DAYS TO BE ABLE TO BE PREPARED TO

21  CONDUCT THIS PRELIMINARY HEARING.

22       THE COURT:  AND WHAT ARE YOU GOING TO DO IN TWO

23  DAYS?  ALL SHE'S CALLING IS THE COMPLAINING WITNESS IN

24  THIS CASE.  ALL OF THESE OTHER ISSUES ARE NOT GOING TO

25  BE RELEVANT AT THIS STAGE OF THE PROCEEDINGS.  THAT'S

26  WHAT I AM TRYING TO GET TO YOU.  I HAVE TO MOVE THIS

27  CASE ALONG.

28       THE DEFENDANT:  YES, YOUR HONOR.

```
 1        THE COURT:  AND I AM TELLING YOU RIGHT NOW I DON'T
 2   SEE THE RELEVANCE OF ALL THESE OTHER ISSUES WHEN SHE'S
 3   GOT ONE WITNESS ON THE STAND TODAY.
 4        THE DEFENDANT:  YOUR HONOR, ALL I WOULD LIKE TO DO
 5   IS PRETTY MUCH LOOK AT EVERYTHING THAT I HAVE,
 6   RE-EVALUATE THE CASE AND BE ABLE TO PROCEED AS YOUR
 7   HONOR HAS INDICATED.  AS OF TODAY, I HAVE -- I WAS NOT
 8   PREPARED TO COME IN HERE TODAY.
 9        THE COURT:  ON 9 OF 10?  ON 9 OF 10 --
10        THE DEFENDANT:  YES, YOUR HONOR.
11        THE COURT:  -- YOU WEREN'T READY TO PROCEED?
12        THE DEFENDANT:  I WAS NOT READY TO PROCEED.
13        THE COURT:  DID YOU FILE A 1050?  DID YOU FILE A
14   MOTION TO CONTINUE?  IF YOU KNEW THAT IT WAS 9 OF 10,
15   YOU DIDN'T FILE A MOTION TO CONTINUE.  SHE'S READY TO
16   GO.  SHE'S GOT OFFICERS HERE.  SHE'S GOT HER COMPLAINING
17   WITNESS HERE.  WHAT DID YOU THINK WAS GOING TO HAPPEN
18   TODAY?
19        THE DEFENDANT:  YOUR HONOR, I -- I -- I -- I'M
20   JUST NOW MEETING WITH MY INVESTIGATOR THAT WAS PROVIDED
21   A CD THREE WEEKS AGO.  HE'S JUST NOW HERE TODAY
22   PROVIDING ME THIS INFORMATION.
23        THE COURT:  WHAT CD?  THE CD FROM T-MOBILE?
24        THE DEFENDANT:  NO.  IT WAS ANOTHER ONE, SUBPOENA
25   DUCES TECUM THAT THE COURT HAD GAVE TO MY PRIVATE
26   INVESTIGATOR.  WHAT HE DID WAS YOU HAD INSTRUCTED HIM TO
27   GIVE A COPY OF THE CD TO THE DISTRICT ATTORNEY.
28        THE COURT:  NO.  I SAID HE IS GOING TO MAKE A
```

```
 1   COPY.  I AM GOING TO PUT THE ORIGINAL BACK IN THE FILE.
 2        THE DEFENDANT:  THAT'S THIS CD.  THERE WAS ANOTHER
 3   CD THREE WEEKS AGO OF THE MEDICAL RECORDS.  AND TO MY
 4   UNDERSTANDING YOUR HONOR HAD GAVE THE CD TO MY PRIVATE
 5   INVESTIGATOR.  MY PRIVATE INVESTIGATOR PROVIDED THE
 6   PEOPLE A COPY OF THE CD OR WAS IT A FILE?
 7        MS. AVILA:  IT'S A CD.
 8        THE COURT:  DID YOU GET A CD FROM HIS
 9   INVESTIGATOR?
10        MS. AVILA:  I DID.
11        THE DEFENDANT:  EXACTLY.  SO THE DISTRICT ATTORNEY
12   RECEIVED THE CD BEFORE I EVEN HAD A CHANCE TO LOOK AT
13   IT, THE HARD COPY.  SO, I MEAN, I -- I HAVE BEEN
14   EXERCISING DUE DILIGENCE.  I AM INCARCERATED.  ALL I CAN
15   DO IS WHAT I AM ALLOWED TO DO.  I WOULD INDICATE, HAD I
16   NOT BEEN INCARCERATED, I WOULD BE READY TO GO.
17        THE COURT:  OKAY.
18        THE DEFENDANT:  BUT --
19        THE COURT:  ALL RIGHT.  WELL, WE'RE GOING THIS
20   AFTERNOON AT 1:30.  YOU HAVE MADE YOUR RECORD.  I WILL
21   SEE YOU AT 1:30 THIS AFTERNOON.  I AM GOING TO SEND HIM
22   BACK TO GET HIS LAPTOP SO YOU CAN PLAY WHATEVER VIDEOS
23   YOU WANT TO PLAY THIS AFTERNOON.  WE'LL SEE YOU AT 1:30.
24             CAN YOUR WITNESSES COME BACK AT 1:30?
25        MS. AVILA:  YES.
26        THE COURT:  THANK YOU.
27        (AT 10:33 A.M. A LUNCH RECESS WAS TAKEN
28        UNTIL 1:30 P.M. OF THE SAME DAY.)
```

```
1    CASE NUMBER:              NA115520-01

2    CASE NAME:                PEOPLE VS. ONOFRE TOMMY SERRANO

3    LONG BEACH, CA            MONDAY, JULY 12, 2021

4    DEPARTMENT S-18           HON. DEBRA A. COLE, JUDGE

5    REPORTER:                 LOUISE A. SANFORD, CSR #8723

6    TIME:                     2:08 P.M.

7    APPEARANCES:

8         THE DEFENDANT IN PROPRIA PERSONA WITH HIS

9         STAND-BY COUNSEL, ROBERT BOLINGER, ESQ.;

10        MELISSA AVILA, DEPUTY DISTRICT ATTORNEY OF

11        LOS ANGELES COUNTY, REPRESENTING THE PEOPLE

12        OF THE STATE OF CALIFORNIA; MIKE PIROUZIAN,

13        INVESTIGATOR.

14

15        THE COURT:  BACK ON THE RECORD IN THE SERRANO

16   MATTER.  MR. SERRANO IS NOW PRESENT WITH HIS

17   INVESTIGATOR.  HIS STAND-BY COUNSEL IS SITTING IN THE

18   JURY BOX.  MS. AVILA IS HERE FOR THE PEOPLE, AND WE ARE

19   HERE FOR PRELIMINARY HEARING.

20             YOUR INVESTIGATOR IS BACK.  I DON'T KNOW AT

21   WHAT STAGE YOU WANT TO PLAY THE VIDEO.  IS IT DURING

22   CROSS OF THE VICTIM OR -- BECAUSE HE NEEDS -- WE NEED TO

23   MAKE SURE THAT IT WORKS, MR. SERRANO.

24        THE DEFENDANT:  YEAH, YOUR HONOR.  I AM

25   ANTICIPATING DURING CROSS-EXAMINATION OF PARTICULAR

26   WITNESSES AND POSSIBLY DURING DIRECT EXAMINATION OF THE

27   DEFENSE WITNESSES.

28        MR. PIROUZIAN:  WE NEED TO GET IT READY FOR WHEN
```

1   THEY COME AND TESTIFY.

2        THE COURT:  OKAY.  WHEN YOU SAY PEOPLE'S

3   WITNESSES, SHE'S ONLY PLANNING ON CALLING ONE WITNESS.

4   SO I DON'T KNOW WHAT OTHER WITNESSES YOU'RE

5   ANTICIPATING.  IT SEEMS TO ME YOU'RE PUTTING ON AN

6   AFFIRMATIVE DEFENSE THAT YOU'RE CALLING WITNESSES.

7        THE DEFENDANT:  WELL, ACTUALLY, THE WITNESSES --

8   OKAY.  SO ONCE I HEAR THE TESTIMONY FROM THE

9   PROSECUTION --

10        THE COURT:  THE COMPLAINING WITNESS.

11        THE DEFENDANT:  -- YEAH, THE PROSECUTION WITNESS,

12   I ANTICIPATE CALLING SOME OFFICERS TO NEGATE AND/OR

13   IMPEACH THIS WITNESS.

14        THE COURT:  OKAY.  AND THOSE WERE THE ONES THAT

15   WERE HERE EARLIER:  J. JOHNSON.  P. LYON IS ON CALL, AND

16   EBELL WAS HERE EARLIER; IS THAT CORRECT?

17        THE DEFENDANT:  JOHNSON.  I THINK THE OTHER ONE

18   IS -- WELL, I HAVE BODY CAM, AND THE SITUATION REGARDING

19   BODY CAM IS TWO OFFICERS THERE.  I THINK THAT'S JOHNSON

20   AND LYON.

21        THE COURT:  CORRECT.  WE ASCERTAINED THAT EARLIER,

22   AND THEY ARE BOTH HERE.

23        THE DEFENDANT:  AND DURING THE INTERROGATION OR, I

24   GUESS, WHEN THEY WAS INTERVIEWING THE VICTIM, ONE OF THE

25   OFFICERS STEPPED OUT.  AND WHEN HE STEPPED OUT, HIS BODY

26   CAM STOPPED RUNNING AS FAR AS TO WHAT THE WITNESS IS

27   SAYING.  THE OTHER OFFICER IS THERE WHILE THE VICTIM IS

28   CONTINUING TO MAKE STATEMENTS.

```
 1        THE COURT:  OKAY.  ALL RIGHT.  AND THAT'S FINE.
 2   IF IT'S FOR IMPEACHMENT PURPOSES, I UNDERSTAND.  BUT I
 3   HEARD FROM THE PROSECUTOR THAT IT'S NOT GOING TO BE
 4   IMPEACHABLE.  THEY DIDN'T SAY ANYTHING DIFFERENT.  SO
 5   WE'LL JUST LET IT UNFOLD.
 6        THE DEFENDANT:  WELL, YOUR HONOR, ACCORDING TO --
 7   OKAY.  SO AS TO THE OFFICER I AM ANTICIPATING CALLING, I
 8   KNOW THAT PURSUANT TO PENAL CODE -- I CAN NEGATE THE
 9   DEFENSE, IMPEACH THE DEFENSE, PRESENT WITNESSES TO
10   IMPEACH THE STATEMENTS GIVEN BY OFFICERS, AND THAT'S
11   WHAT I INTEND TO DO.
12             ONCE THE PEOPLE PRESENT THIS WITNESS, I
13   PLAN TO CALL THE OFFICERS WHO HE TALKED TO AND GAVE
14   STATEMENTS TO REGARDING WHAT HE -- WHAT THE PEOPLE
15   ANTICIPATES HIS TESTIMONY TO BE HERE TODAY.
16        THE COURT:  OKAY.  SO IT'S NEGATING THE DEFENSE?
17   IT'S IMPEACHING THE COMPLAINING WITNESS.  YOU SAID
18   "NEGATE THE DEFENSE."
19        THE DEFENDANT:  NO, NOT NEGATE THE DEFENSE, NEGATE
20   THE PROSECUTION.
21        THE COURT:  OKAY.  ALL RIGHT.
22        THE DEFENDANT:  NEGATE THE CHARGES.
23        THE COURT:  ALL RIGHT.  GOT YOU.  SO BOTH SIDES
24   HAVE ANNOUNCED READY, SO ALL LINED UP.
25             IS THERE AUDIO ON THE BODY-CAM VIDEOS?
26        THE DEFENDANT:  YES, YOUR HONOR.
27        THE COURT:  OKAY.  IS IT STIPULATED BETWEEN THE
28   PARTIES THAT MY COURT REPORTER DOES NOT HAVE TO
```

```
 1   TRANSCRIBE WHAT IS ON THE VIDEO?
 2        MS. AVILA:  YES.
 3        THE COURT:  COUNSEL?
 4        THE DEFENDANT:  YES, YOUR HONOR.
 5        THE COURT:  THANK YOU.
 6             ALL RIGHT.  YOU MAY CALL YOUR FIRST
 7   WITNESS.
 8        THE DEFENDANT:  EXCUSE ME, YOUR HONOR.  I HAVE A
 9   COUPLE PRELIMINARY MATTERS I WOULD LIKE TO ADDRESS.  FOR
10   EXAMPLE, I MOVE ON THE BASIS OF PENAL CODE 867 TO
11   EXCLUDE ALL WITNESSES FROM THIS PRELIMINARY HEARING AND
12   COURT ORDER THAT THE WITNESSES ARE NOT TO TALK TO EACH
13   OTHER BEFORE THEY HAVE TESTIFIED.
14        THE COURT:  GRANTED.
15        THE DEFENDANT:  AND ARE TO BE KEPT SEPARATE UNTIL
16   AFTER THEY HAVE TESTIFIED.
17        THE COURT:  THERE IS ONE WITNESS.  THE PEOPLE ARE
18   ONLY PUTTING ON ONE WITNESS.  THAT WITNESS WILL BE IN
19   COURT.
20        THE DEFENDANT:  THIS OFFICER IS NOT TO THE CASE?
21        THE COURT:  YOU WANT THE OFFICER.  SHE'S NOT
22   INTENDING TO PUT THEM ON.
23        THE DEFENDANT:  NO.  I AM JUST ASKING THIS OFFICER
24   HERE IN REGARD TO MY CASE.
25        THE COURT:  I DON'T KNOW.  I DON'T KNOW.  I STILL
26   HAVE MATTERS ON CALENDAR.  I DON'T KNOW.
27        MS. AVILA:  I HAVEN'T HAD A CHANCE TO SPEAK YET.
28   I AM GOING TO ASK THE COURT THAT DETECTIVE EBELL BE
```

```
 1   DESIGNATED MY INVESTIGATING OFFICER AND THAT HE BE
 2   ALLOWED TO SIT AT COUNSEL TABLE.
 3        THE DEFENDANT:  THAT'S FINE.
 4        THE COURT:  HE'S YOUR I.O.  HE IS THE
 5   INVESTIGATING OFFICER.  HE WILL STAY.
 6        THE DEFENDANT:  ALSO, YOUR HONOR, I MOVE THAT ALL
 7   HEARSAY ADMITTED ON THE ISSUE OF PROBABLE CAUSE BE
 8   LIMITED TO THAT ISSUE ONLY AND NOT BE ADMITTED WITH
 9   REGARD TO ANY OTHER ISSUE.
10        THE COURT:  COUNSEL, THIS IS -- THIS IS A
11   PRELIMINARY HEARING.  115 TESTIMONY IS ALLOWED AT A
12   PRELIMINARY HEARING.  I CAN HEAR HEARSAY.  YOUR REQUEST
13   IS DENIED.
14        THE DEFENDANT:  YOUR HONOR --
15        THE COURT:  WHEN YOU GET TO THE TRIAL LEVEL --
16        THE DEFENDANT:  -- THIS IS PERTAINING TO 1538.5.
17        THE COURT:  COUNSEL, IT'S A PRELIM.
18        THE DEFENDANT:  YES, BUT I FILED A MOTION TO HAVE
19   THE 1538.5 IN CONJUNCTION.
20        THE COURT:  AND WE ARE GOING TO HEAR IT, AND
21   HEARSAY IS ALLOWED AT PRELIMINARY HEARING.
22        THE DEFENDANT:  BUT IT'S NOT ALLOWED IN THE
23   PROBABLE CAUSE -- I MEAN PENAL CODE 115.
24        THE COURT:  I AM LETTING YOU KNOW THAT YOUR
25   REQUEST IS DENIED BECAUSE HEARSAY IS ALLOWED AT A
26   PRELIMINARY HEARING.  I WILL LISTEN TO THE LEVELS OF
27   HEARSAY, BUT YOUR REQUEST IS DENIED.
28                 MAY WE START?
```

```
 1        THE DEFENDANT:  ONE MORE ISSUE, YOUR HONOR.  I
 2   LIKE TO MAKE A MOTION TO REMOVE THE HANDCUFF PURSUANT TO
 3   PEOPLE VERSUS FIERRO, F-I-E-R-R-O, 1 CAL.4TH 173.
 4   PURSUANT TO THIS CASE, ANYTIME IT'S PRELIMINARY HEARING,
 5   THE DEFENDANT CAN REQUEST THAT THE MANACLE BE REMOVED
 6   FOR THE PURPOSES OF CONDUCTING THE PRELIMINARY HEARING.
 7        THE COURT:  RIGHT.  I SEE THAT BOTH OF YOUR HANDS
 8   ARE FREE SO THAT YOU CAN CONDUCT THE PRELIMINARY
 9   HEARING.  SO YOUR REQUEST IS DENIED.  I HAVE SAFETY
10   ISSUES IN THIS COURTROOM.  MY BAILIFF -- I DON'T MAKE
11   THOSE DETERMINATIONS.  MY BAILIFF DOES.  AND WE'VE GIVEN
12   YOU ONE HAND FREE.  I SEE YOU'RE FREE TO MOVE AROUND IN
13   THE CHAIR.
14             SO YOUR REQUEST IS DENIED.
15        THE DEFENDANT:  THAT'S FINE.
16             THE OTHER ISSUE IS I MOVE ALSO TO DISMISS
17   THIS CASE PURSUANT TO PENAL CODE 859(B) DUE TO THE FACT
18   THAT THIS PRELIMINARY HEARING IS BEING HELD BEYOND THE
19   60-DAY TIME LIMIT.  BEFORE THE OTHER MAGISTRATE I FILED
20   A MARSDEN HEARING BECAUSE THE COUNSEL DID NOT OBJECT TO
21   THE PRELIMINARY HEARING BEING HEARD BEYOND THE 10-DAY
22   STATUTORY TIME LIMIT.
23             I WAS INFORMED THAT DUE TO THE COVID-19
24   PANDEMIC THE TIME LIMITS HAVE BEEN RELAXED.  SO,
25   THEREFORE, ONCE THE MAGISTRATE INFORMED ME OF THIS, I
26   SAID, "OKAY.  THEN MAYBE LONG OVER TIME IS THE ISSUE."
27             I FILED A MOTION FOR AN O.R. RELEASE BASED
28   ON PEOPLE VERSUS STANDISH, INDICATING THAT ANY TIME THE
```

```
1   PRELIMINARY HEARING IS HELD BEYOND THE STATUTORY 10-DAY
2   TIME LIMITATION, THE DEFENDANT IS TO BE RELEASED O.R.
3            I CAME ACROSS THE CASE DUE TO THE COVID-19
4   PANDEMIC, AND THE NAME OF IT IS LACAYO V. SUPERIOR
5   COURT, AND THAT'S 56 CAL.APP.5TH 396.  AND THIS CASE
6   INDICATES THAT DUE TO THE COVID-19 PANDEMIC THE TIME
7   LIMITS HAVE BEEN RELAXED.
8        THE COURT:  ALL RIGHT.  IT'S NOW 30 DAYS INSTEAD
9   OF 10.  AND YOU HAVE WAIVED TIME, SIR.
10       THE DEFENDANT:  AND BASED ON THAT --
11       THE COURT:  YOU WAIVED TIME.  THE 60-DAY RULE
12  DOESN'T APPLY TO YOU.  YOU WAIVED TIME.  YOU CONTINUED
13  THIS MATTER, AND I TOOK A 60-DAY WAIVER ON JUNE -- I
14  WASN'T HERE ON JUNE 28TH.  I TOOK A WAIVER ON JUNE 22ND
15  TO 0 OF 10 WITH A 60-DAY WAIVER.  I TOOK A WAIVER ON
16  JUNE 3RD.
17           I PUT THE MATTER OVER TO JUNE 28TH FOR
18  PRELIMINARY HEARING.  I TOOK A WAIVER ON MAY 17TH AS A 0
19  OF 60.  I TOOK A WAIVER ON APRIL 26, '21.  I TAKE THAT
20  BACK.  WE SET IT FOR 29 OF 30 ON MAY 17TH, AND SINCE
21  THEN YOU HAVE WAIVED THE 60-DAY RULE.  SO 859(B) DOESN'T
22  APPLY TO YOU ANYMORE.  YOU WAIVED IT BY CONTINUING THE
23  CASE.  IT WAS YOUR REQUEST TO CONTINUE.
24           IT'S FUNNY TO ME BECAUSE EARLIER THIS
25  MORNING YOU WERE ASKING ME TO CONTINUE THE CASE, AND NOW
26  YOU'RE OBJECTING THAT IT GO OVER.
27       THE DEFENDANT:  WELL, YOUR HONOR, ONLY BECAUSE I
28  WAS OF THE UNDERSTANDING THAT THE COURT WITH THE
```

1   BLESSING OF THE DISTRICT ATTORNEY RELAXED THE TIME

2   LIMITATIONS REGARDING TO THIS CASE.

3        THE COURT:  WHEN DID I RELAX ANYTHING?  YOU WAIVED

4   TIME.  YOU RELAXED IT.  I HAVE NO AUTHORITY TO RELAX IT.

5   YOU DID.

6        THE DEFENDANT:  NO, YOUR HONOR.

7        THE COURT:  YOU WAIVED TIME.

8        THE DEFENDANT:  THIS IS PRIOR TO COMING ON THIS

9   CASE.  I HAD ANOTHER -- THERE WAS ANOTHER MAGISTRATE.

10        THE COURT:  JUDGE ONG.

11        THE DEFENDANT:  YEAH.  THERE WAS ANOTHER

12   MAGISTRATE ON THE CASE.

13        THE COURT:  THEN THIS CASE GETS SENT TO ME FROM

14   DEPARTMENT 1 FOR PRELIM.

15        THE DEFENDANT:  YEAH.  SO I HAD THE OTHER

16   MAGISTRATE, AND I INFORMED THE MAGISTRATE THAT THE DATE

17   WAS SET BEYOND THE 10-DAY STATUTORY TIME LIMIT.  HE

18   INFORMED ME THAT DUE TO COVID-19 THAT THE TIME LIMITS

19   ARE RELAXED TO, I GUESS, 30 DAYS.

20        THE COURT:  CORRECT.

21        THE DEFENDANT:  AT THAT POINT I SAID, "OKAY.

22   FINE.  THEN I AM NO LONGER GOING TO PURSUE ANY TIME

23   LIMITATIONS ON THIS CASE."

24             HOWEVER, THIS MORNING THE FACT THAT I

25   BELIEVE THAT I HAD MORE THAN ENOUGH TIME, THE DISTRICT

26   ATTORNEY DIDN'T HAVE NO CONCERN REGARDING ANY

27   CONTINUANCES OR TIME WAIVERS THAT WAS -- THAT IT WAS

28   ASSUMED THAT I WAS ABLE TO BE PREPARED.  SO IT WAS A

1    SHOCK AND SURPRISE FOR ME TODAY TO FIND THAT ALL OF A

2    SUDDEN WE'RE BEING -- YOU KNOW, WE'RE BEING STRINGENT ON

3    TIME LIMITATIONS.

4         THE COURT:  IT'S 9 OF 10 TODAY.

5         THE DEFENDANT:  WELL, I BEG TO DIFFER.  MY

6    CALCULATION IS 8 OF 10 AND --

7         THE COURT:  I HAVE GOT 9 OF 10.  YOU DON'T COUNT

8    WEEKENDS OR HOLIDAYS.

9         THE DEFENDANT:  WELL, I MEAN, THIS IS THE DATE

10   THAT THE PRIOR MAGISTRATE WHO WAS HERE -- I BELIEVE IT

11   WAS --

12        THE COURT:  NO, IT WASN'T.  I WAS OUT OF THE COURT

13   ON JUNE 28TH.  SO ANOTHER JUDGE SAT IN.

14        THE DEFENDANT:  EXACTLY.

15        THE COURT:  IT WAS 0 OF 10 ON JUNE 28TH, AND THEY

16   PUT IT OVER TILL TODAY AS A 9 OF 10 FOR PRELIM, SO

17   MEANING THAT SOMEBODY TRAILED IT WITHIN THE PERIOD.  YOU

18   DIDN'T ASK FOR A CONTINUANCE ON JUNE 26TH -- JUNE 28TH.

19        THE DEFENDANT:  YOUR HONOR, WELL --

20        THE COURT:  I WASN'T HERE.

21        THE DEFENDANT:  EXACTLY.  AND MY CALCULATIONS IS

22   THAT TODAY IS 8 OF 10.  THAT'S WHAT I WAS INFORMED BY

23   THE PRIOR JUDGE THAT WAS HERE IN YOUR PLACE.

24        MS. AVILA:  YOUR HONOR, I THINK THE ISSUE IS THAT

25   MR. SERRANO DOESN'T REALIZE THAT WE DO NOT COUNT JULY

26   5TH BECAUSE THAT WAS A COURT HOLIDAY.

27        THE COURT:  IT WAS A COURT -- I JUST TRIED TO

28   EXPLAIN IT TO HIM.  YOU DON'T COUNT JULY 5TH BECAUSE IT

1   WAS A HOLIDAY.  JUNE 28TH, LAST DAY IS JULY 13TH WHICH

2   IS TOMORROW.  IT'S 9 OF 10 TODAY.  IT'S 9 OF 10 TODAY.

3   I AM GOING TO SAY IT ONE MORE TIME.  IT'S 9 OF 10 TODAY.

4        THE DEFENDANT:  THANK YOU.

5        THE COURT:  IT'S NOT 8 OF 10.  IT'S 9 OF 10.

6        THE DEFENDANT:  SO THAT WOULD INDICATE -- SO THAT

7   BEING THE CASE, I CAN PUT THIS OFF FOR ANOTHER DAY?

8        THE COURT:  NO.  YOU HAVE NO RIGHT TO CONTINUE THE

9   MATTER.  THEY HAVE THEIR WITNESSES HERE, AND I SAID

10  WE'RE READY TO GO.  I GAVE YOUR INVESTIGATOR A CHANCE TO

11  GO BACK TO GLENDALE TO GET THE LAPTOP LIKE YOU

12  REQUESTED.

13        I DENIED ALL OF YOUR OTHER REASONS TO

14  CONTINUE.  WE'RE GOING FORWARD TODAY.  SHE'S CALLING ONE

15  WITNESS.  ALL THESE OTHER ISSUES ARE NOT EVEN GOING TO

16  COME TO FRUITION TODAY.  I AM PROBABLY GOING TO SEND ALL

17  THE OTHER MOTIONS UP TO THE TRIAL COURT.  SO LET'S HEAR

18  WHAT THE WITNESS HAS TO SAY, AND THEN I WILL RULE ON

19  YOUR MOTIONS.

20        WE'RE GOING FORWARD TODAY, MR. SERRANO.

21        THE DEFENDANT:  YES, YOUR HONOR.

22        THE COURT:  LET'S GO.

23        THE DEFENDANT:  ONE MORE ISSUE.  I WOULD LIKE THE

24  DISTRICT ATTORNEY TO STIPULATE THAT THERE WAS THREE

25  WARRANTS IN THIS MATTER.

26        MS. AVILA:  LET ME ASK THE DETECTIVE.

27        AFTER HAVING CONSULTED WITH THE DETECTIVE,

28  WE WILL STIPULATE THERE WERE THREE SEARCH WARRANTS.

```
 1        THE COURT:  OKAY.  THEY ARE STIPULATING TO THREE
 2   SEARCH WARRANTS.
 3        MS. AVILA:  PARDON ME, TWO SEARCH WARRANTS, ONE
 4   ARREST WARRANT.
 5        THE COURT:  STIPULATION:  TWO SEARCH WARRANTS AND
 6   ONE ARREST WARRANT.
 7             IS THAT AGREEABLE WITH YOU, SIR?
 8        THE DEFENDANT:  YES, YOUR HONOR.
 9        THE COURT:  OKAY. ANYTHING FURTHER?  ANYTHING
10   FURTHER, MR. SERRANO?
11        THE DEFENDANT:  HOLD ON.  JUST GIVE ME ONE MOMENT,
12   PLEASE.
13        THE COURT:  I AM GOING TO GIVE YOU FIVE MINUTES.
14   SO I AM GOING TO CALL THESE CASES.  YOU CAN LET ME KNOW
15   WHEN YOU COME BACK IN, AND THEN WE'LL CALL YOUR FIRST
16   WITNESS.
17        (A RECESS WAS TAKEN.)
18        THE COURT:  BACK ON THE SERRANO MATTER.
19             YOU GOT ALL HOOKED UP.  WE'RE GOING TO CALL
20   OUR FIRST WITNESS.
21             ANYTHING FURTHER?
22        THE DEFENDANT:  NO, YOUR HONOR.
23        THE COURT:  ALL RIGHT.  LET'S CALL YOUR FIRST
24   WITNESS.
25        MS. AVILA:  THE PEOPLE CALL D'ANGELO DARBY TO THE
26   STAND.
27        THE COURT:  STAND RIGHT THERE AND FACE THE CLERK
28   FOR ME, PLEASE.
```

```
 1        THE CLERK:  CAN I HAVE YOU PLEASE RAISE YOUR RIGHT
 2   HAND.
 3
 4                      D'ANGELO DARBY,
 5   CALLED AS A WITNESS BY THE PEOPLE, WAS SWORN AND
 6   TESTIFIED AS FOLLOWS:
 7        THE CLERK:  YOU DO SOLEMNLY STATE THE TESTIMONY
 8   YOU ARE ABOUT TO GIVE IN THE CAUSE NOW PENDING BEFORE
 9   THIS COURT SHALL BE THE TRUTH, THE WHOLE TRUTH, AND
10   NOTHING BUT THE TRUTH, SO HELP YOU GOD.
11        THE WITNESS:  (NO AUDIBLE RESPONSE.)
12        THE CLERK:  IS THAT A "YES," SIR?
13        THE WITNESS:  YES, SIR.
14        THE CLERK:  ALL RIGHT.  PLEASE HAVE A SEAT.
15             AND MAY I HAVE YOU PLEASE STATE AND SPELL
16   YOUR FIRST AND LAST NAME.
17        THE WITNESS:  MY NAME IS D'ANGELO DARBY,
18   D' A-N-G-E-L-O, DARBY, D-A-R-B-Y.
19        THE COURT:  I AM GOING TO -- NO OBJECTION FROM
20   EITHER SIDE, I AM GOING TO ALLOW YOU TO REMOVE YOUR MASK
21   IF IT MAKES YOU FEEL MORE COMFORTABLE TO TESTIFY.
22             HEARING NO OBJECTION AND JUST MAKE SURE THE
23   MICROPHONE IS CLOSE TO YOUR FACE.
24        THE WITNESS:  OKAY.
25        THE COURT:  YOU MAY PROCEED.
26        MS. AVILA:  THANK YOU.
27   ///
28   ///
```

```
 1                    DIRECT EXAMINATION
 2   BY MS. AVILA:
 3        Q       GOOD AFTERNOON, MR. DARBY.
 4                WHERE DID YOU WORK ON OCTOBER 5 AND 6,
 5   2020?
 6        A       R BAR.  I THINK IT'S 106 WEST STREET OR
 7   WEST 3RD STREET.
 8        Q       AND IS THAT IN THE CITY OF LONG BEACH,
 9   COUNTY OF LOS ANGELES?
10        A       YES.
11        Q       AND WERE YOU WORKING ON OCTOBER 6, 2020,
12   AROUND 3:00 A.M.?
13        A       YES.
14        Q       WAS THE BAR OPEN OR CLOSED AT THAT TIME?
15        A       AT THAT TIME IT WAS CLOSED.
16        Q       AND WHAT IS YOUR JOB THERE AT THE R BAR?
17        A       I AM ACTUALLY A SECURITY GUARD.
18        Q       AND SO THINKING ABOUT THAT NIGHT, DID YOUR
19   SHIFT BEGIN OCTOBER 5, 2020, BEFORE MIDNIGHT?
20        A       YES.
21        Q       DO YOU RECALL WHAT TIME YOUR SHIFT BEGAN?
22        A       MY SHIFT BEGAN AROUND -- I WANT TO SAY,
23   LIKE, 9:00 OR 10 O'CLOCK, MAYBE A LITTLE BIT EARLIER.
24        Q       AND THEN WHAT TIME WAS YOUR SHIFT SUPPOSED
25   TO END?
26        A       IT WAS SUPPOSED TO -- WELL, FROM WHAT I WAS
27   TOLD FROM MY COMPANY, WHEN THE BARTENDERS LEAVE AND PACK
28   UP, THAT'S WHEN I LEAVE.
```

```
 1          Q       WHAT TIME IS THAT USUALLY?
 2          A       USUALLY IT'S, LIKE, AROUND 2:30, 3:00 A.M.
 3          Q       SO DURING YOUR SHIFT THAT NIGHT, JUST
 4   BEFORE MIDNIGHT, DID YOU ASK ANY CUSTOMERS TO LEAVE THE
 5   BAR?
 6          A       YES.
 7          Q       HOW MANY PEOPLE DID YOU ASK TO LEAVE?
 8          A       JUST ONE.
 9          Q       AND DO YOU SEE THAT PERSON PRESENT IN COURT
10   TODAY?
11          A       YES.
12          Q       CAN YOU TELL US WHERE THAT PERSON IS SEATED
13   AND WHAT THEY ARE WEARING?
14          A       BROWN SHIRT AND, LIKE, A COVID MASK.
15          THE COURT:  INDICATING THE DEFENDANT FOR THE
16   RECORD.
17          MS. AVILA:  THANK YOU.
18          Q       AND WHAT HAPPENED WHEN YOU ASKED THE
19   DEFENDANT TO LEAVE THE BAR JUST BEFORE MIDNIGHT THAT
20   NIGHT?
21          A       HE GOT VERY HOSTILE.  A COUPLE OF THE
22   CUSTOMERS AT THE BAR ACTUALLY KIND OF STEPPED UP TO HELP
23   ME KIND OF CALM HIM DOWN, BUT IT WAS GETTING KIND OF
24   REALLY HOSTILE, AND HE JUST LEFT.
25          Q       AND DID HE COME BACK DURING YOUR SHIFT THAT
26   NIGHT?
27          A       YES.
28          Q       ABOUT WHAT TIME DID HE RETURN?
```

```
 1          A      MAYBE SOMEWHERE AROUND, I WANT TO SAY,
 2    LIKE, 2:45, 2:30-ISH.
 3          Q      AND THAT'S A.M. IN THE MORNING?
 4          A      YES.
 5          Q      AND WHAT HAPPENED WHEN HE CAME BACK TO THE
 6    R BAR AT 2:30, 2:45-ISH IN THE MORNING?
 7          A      WELL, HE CAME THROUGH THE SIDE DOOR AND
 8    PROCEEDED TO THROW BARSTOOLS AND TABLES BEHIND THE BAR
 9    AND TOWARDS, LIKE, ME.  AND I WENT AROUND TO --
10          Q      HOLD ON.  LET ME STOP YOU RIGHT THERE.
11                 SO WHEN YOU SAY HE WAS THROWING BARSTOOLS,
12    DID YOU SAY TABLES?
13          A      YES.
14          Q      DID HE THROW A TABLE AT YOU?
15          A      YES.
16          Q      AND CAN YOU DESCRIBE WHAT KIND OF TABLE
17    THAT WAS?
18          A      UM, LIKE A WOODEN HALF TABLE, LIKE
19    SOMETHING USUALLY -- LIKE A LITTLE SMALL TABLE.
20          Q      LIKE A COCKTAIL TABLE?
21          A      YES.
22          Q      AND DID HE THROW ANYTHING ELSE AT YOU?
23          A      IT WAS BARSTOOLS AND TABLES, PRETTY MUCH
24    IT.
25          Q      DO YOU RECALL ABOUT HOW MANY BARSTOOLS HE
26    THREW AT YOU?
27          A      I WANT TO SAY PROBABLY TWO BARSTOOLS AND
28    MAYBE THREE TABLES.
```

1      Q      AND ONCE YOU REALIZED HE WAS THROWING

2  BARSTOOLS AND TABLES AT YOU, WHAT, IF ANYTHING, DID YOU

3  DO?

4      A      I JUST TRIED TO ESCORT HIM OFF THE

5  PREMISES.

6      Q      DID YOU APPROACH HIM?

7      A      YES.

8      Q      AND DID HE DO ANYTHING ONCE YOU APPROACHED

9  HIM?

10     A      WELL, ONCE I APPROACHED HIM, HE PUNCHED ME

11  IN THE FACE, AND WE KIND OF GOT INTO A LITTLE SMALL

12  SCUFFLE.

13     Q      AND WHAT HAPPENED DURING THE SCUFFLE?

14     A      DURING THE SCUFFLE, HE ACTUALLY GRABBED --

15  I BELIEVE IT WAS A BOX CUTTER OR A SHARP OBJECT, AND HE

16  STABBED ME ONCE IN THE HEAD AND TWICE IN THE ARM.

17     MS. AVILA:  YOUR HONOR, I HAVE AN 8 1/2 BY 11

18  SHEET OF PAPER WITH A PICTURE OF WHAT APPEARS TO BE A

19  PERSON'S HEAD.

20          MAY THIS BE MARKED AS PEOPLE'S 1 FOR

21  IDENTIFICATION?

22     THE COURT:  SO MARKED.

23     MS. AVILA:  I AM PLACING A P1 IN THE BOTTOM RIGHT

24  CORNER.

25          MAY I APPROACH THE WITNESS?

26     THE COURT:  YOU MAY.

27     (MARKED FOR IDENTIFICATION PEOPLE'S EXHIBIT

28      1, 8 1/2 BY 11 SHEET OF PAPER.)

```
 1        Q      BY MS. AVILA:  MR. DARBY, DO YOU RECOGNIZE
 2   WHAT'S BEING DEPICTED IN PEOPLE'S 1?
 3        A      YES.
 4        Q      AND I AM SHOWING MR. SERRANO WHICH PICTURE
 5   IT IS.
 6               CAN YOU TELL US WHAT THAT IS?
 7        A      THAT IS THE BACK OF MY HEAD.
 8        Q      AND DO YOU SEE AN INJURY IN THAT PHOTO?
 9        A      YES.
10        Q      IS THAT WHERE YOU WERE STABBED BY THE
11   DEFENDANT?
12        A      YES.
13        Q      AND DID YOU RECEIVE MEDICAL TREATMENT FOR
14   THAT WOUND?
15        A      YES.
16        Q      WHAT KIND OF TREATMENT DID YOU RECEIVE?
17        A      I GOT STAPLED SHUT.
18        Q      DO YOU KNOW HOW MANY STAPLES?
19        A      HUH?
20        Q      DO YOU KNOW HOW MANY STAPLES?
21        A      YES.  IT WAS NINE STAPLES IN THE BACK OF MY
22   HEAD, ELEVEN ON MY BICEP AND ANOTHER FOUR ON MY BICEP.
23        MS. AVILA:  OKAY.  SO I HAVE ANOTHER 8 1/2 BY 11
24   SHEET OF PAPER WITH A PICTURE OF A PERSON'S PROFILE AND
25   WHAT APPEARS TO BE THE TOP LEFT SHOULDER.
26               MAY THIS BE MARKED AS PEOPLE'S 2 FOR
27   IDENTIFICATION?
28        THE COURT:  SO MARKED.
```